JOHN MORAN v. FRANK E. DARBY, TREASURER OF KALKASKA COUNTY.

*Liquor traffic—Local option—Publication of resolution—Designation of newspaper.*

The record of the proceedings of the board of supervisors in ordering and declaring the result of an election under the local option law is fatally defective if it contains no designation by the board of the newspaper in which the publication of the resolution of prohibition is to be made.[1]

———

[1] For cases bearing upon Act No. 207, Laws of 1889, known as the "Local Option Law." see:

1. *Feek v. Township Board*, 82 Mich. 393, holding the act constitutional.

2. *Friesner v. Common Council*, 91 Mich. 504, relating to the sufficiency of the petition for election, and the finality of the determination by the board of supervisors that the election has been prayed for by the requisite number of electors, and holding it constitutional for the Legislature to confer this power upon the board.

3. *Covert v. County Treasurer*, 93 Mich. 603, holding that the provisions fixing the time when the different proceedings taken by the board shall be entered on their journal, and signed by the acting chairman, are mandatory; and that the unsigned and unauthenticated proceedings of the board cannot be said to be such a record as the law requires to be made in order to give effect to its provisions, and make it operative in the county.

*Mandamus.* Argued June 13, 1893. Granted October 13, 1893.

Relator applied for *mandamus* to compel respondent to accept relator's bond and the tax for selling intoxicating liquors, and to issue the statutory receipt and card. The facts are stated in the opinion.

*Pratt & Davis,* for relator.

*Totten & Phelps,* for respondent.

McGRATH, J. This proceeding was instituted to test the validity of the action of the board of supervisors of Kalkaska county in ordering and declaring the result of an election by which it was determined to prohibit the sale of liquor in the county, under Act No. 207, Laws of 1889.

The record of the proceedings is fatally defective, in that it contains no designation by the board of the paper in which the publication of the resolution of prohibition is to be made. Section 14 makes it the duty of the clerk to publish in a newspaper, *" to be designated by the board,"* a copy of the preamble and resolution relating to the order of prohibition, and provides that the affidavit of publication shall be filed with the clerk of the board, who shall spread the same on the records following the record of the adoption of the resolution of prohibition, and that "the said clerk shall state next on the record the date when said notice and affidavit of publication was entered for record, and shall then sign the record officially." This section makes the record of such resolution of prohibition, and of the publication of notice, etc., evidence of the facts therein stated.

It is contended that inasmuch as the board of supervisors had in October, 1891, let the county printing to certain papers, that was a sufficient designation. But the statute

requires a designation by the then present board. This action was taken in July, 1892. The contract for county printing had been let by a board composed of other parties. Nor was it contemplated by the Legislature that other proceedings of the board of supervisors should be resorted to, to sustain or support action under this law.

It is unnecessary to consider the other questions raised. The *mandamus* will issue as prayed.

The other Justices concurred.